IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY CELESTE BROWN JENKINS                                    PLAINTIFF

v.                              CIVIL NO. 14-5322

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Mary Celeste Brown Jenkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on March 30, 2012, alleging an inability to work since November 18, 2003,[1] due to Crohn's disease, a hiatal hernia, psoriasis, osteoarthritis, fibromyalgia, diverticulitis, irritable bowel syndrome, migraines, anxiety, depression, osteoporosis, gastroesophageal reflux disease, and a ruptured disc in her back. (Tr. 166, 247, 285). For DIB purposes, Plaintiff maintained insured status through

---

[1] At the administrative hearing held on February 12, 2013, Plaintiff, through her counsel, amended her alleged onset date to July 4, 2008. (Tr. 11).

1

December 31, 2008. (Tr. 12, 180). An administrative video hearing was held on February 12, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 34-59). After the first administrative hearing, Plaintiff filed a SSI application on April 16, 2013.[2] A supplemental administrative hearing was held on May 29, 2013, at which Plaintiff and a vocational expert testified. (Tr. 60-66).

By written decision dated June 20, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13-14). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis, fibromyalgia, and Crohn's disease. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could return to her past relevant work as an office manager. (Tr. 20, 308).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 21, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

---

[2] In a letter dated April 18, 2013, Plaintiff's counsel requested a supplemental hearing. (Tr. 314). This letter also informed the ALJ that Plaintiff filed a subsequent SSI application after the February 12, 2013, hearing was held.

2

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to accord proper weight to Plaintiff's treating rheumatologist; and 2) the ALJ erred in rejecting Plaintiff's subjective complaints of disabling pain.[3]

#### A. Insured Status and Relevant Time Periods:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2008. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of July 4, 2008, her amended alleged

---

[3] The Court has reordered the Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

onset date of disability, through December 31, 2008, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from April 16, 2013, the date Plaintiff protectively applied for SSI benefits, through June 20, 2013, the date of the ALJ's decision.

### B.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies

5

appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that in June of 2011, Plaintiff reported to Dr. Thomas R. Dykman that she was able to garden as a hobby, and that she could perform activities of daily living independently. Plaintiff also completed a Function Report in May of 2012, which is in between the relevant time periods, wherein she indicated that she was able to perform light household cleaning; help take care of two small dogs; prepare simple meals; drive both her husband and mother to doctor appointments; take care of personal hygiene, noting some problems with a few limitations; and do a little light gardening. At that time, Plaintiff indicated that she could lift fifteen to twenty pounds. (Tr. 273).

While the record reveals that Plaintiff had occasional flare-ups with respect to her Crohn's disease, the record as a whole reveals Plaintiff's symptoms responded well to treatment. On several occasions the medical records indicate that Plaintiff was doing well, with only occasional abdominal cramping. With respect to Plaintiff's alleged back and fibromyalgia pain, the medical evidence reveals that Plaintiff was consistently noted as having a normal gait and station, and there is no indication that her range of motion was impacted. In July of 2012, Plaintiff report to Cheryl Walsh, APN, that her fatigue was better, and her joint pains were less. In December of 2012, Plaintiff was noted as having a normal gait and station, and her sensory and motor exams were normal. In May of 2013, Plaintiff's extremities were

noted as appearing normal, her abdomen was soft and non-tender, and there was no evidence of unusual anxiety or depression.

With regard to the third-party function report completed by Plaintiff's mother, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. RFC Assessment and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). While the ALJ must consider at least some supporting evidence from a medical professional in assessing a claimant's workplace limitations, see Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001), "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (quoting Schmidt v. Astrue, 496 F.3d 833, 845 (7th Cir. 2007). This is

because RFC is ultimately an administrative determination reserved to the Commissioner based on all of the relevant medical and other evidence. Cox, 495 F.3d at 619; see 20 C.F.R. § 404.1545.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ determined that Plaintiff could perform a full range of light work during the time periods in question. In making this determination, the ALJ considered the medical assessments of a treating physician and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of treating and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010, 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

8

With respect to Plaintiff's DIB application, the relevant time period is from July 4, 2008, through December 31, 2008. During this period of time, Plaintiff's medical records reveal that in July of 2008, Plaintiff was seen by Dr. Bob Wilson, III, complaining of a sore throat, a headache, and pain with talking and swallowing. (Tr. 367). Plaintiff also requested Etodolac to help treat her chronic wrist and hand pain, as a friend had given her this medication and it worked better than Ibuprofen. Upon examination, Plaintiff was noted as having no edema in her joints or extremities, and she had a normal gait and station. In August of 2008, Plaintiff presented for a wellness gynecological examination. (Tr. 376). At that time, Plaintiff reported she was "doing well" and that she was having "essentially no problems." In November of 2008, Plaintiff reported no unusual weakness, and among other things denied neck pain, abdominal pain, memory loss, clumsiness, or paresthesia. (Tr. 369). Plaintiff also reported that her chronic aches were helped with the use of Etodolac. Upon examination, Plaintiff was noted as having a non-tender abdomen, no edema in her joints or extremities, a normal gait and station, and normal sensory and motor examinations. Plaintiff's capacity to perform light work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude her performing the RFC determined during the relevant time period of July 4, 2008, through December 31, 2008. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability. The Court notes the while Dr. Dykman, Plaintiff's treating rheumatologist, opined that Plaintiff could perform less than sedentary work in May of 2012, Dr. Dykman did not start treating Plaintiff until June of 2011, well after her insured status had expired.

With respect to Plaintiff's SSI filed in April of 2013, after reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's decision to give Dr. Dykman's assessment only "some weight" based on his finding that the limitations assessed were excessive and not supported by the record, including Dr. Dykman's own records. After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination regarding the weight given to Dr. Dykman's opinion. The Court would further note that the only medical evidence during the relevant time period reveals that Plaintiff had intermittent symptoms related to her Crohn's disease which was associated with Plaintiff's significant stress at that point in time. (Tr. 712). An examination at that time revealed Plaintiff had a non-tender abdomen, normal appearing extremities with no edema, and no unusual anxiety or evidence of depression. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time periods in question.

### D.     Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or

10

> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); <u>Martin v. Sullivan</u>, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the opinion of a vocational expert, who after reviewing the file, opined that Plaintiff's past relevant work as an office manager is considered light work in the Dictionary of Occupational Titles. <u>See</u> <u>Gilbert v. Apfel</u>, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as an office manager, as that job is performed in the national economy.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 24th day of February, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE